**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE SCHOOL FOR ARTS<br>IN LEARNING ("SAIL")<br>PUBLIC CHARTER SCHOOL<br>1705 H Street, NW<br>Washington, D.C. 20006 | :<br>:<br>:<br>:<br>:<br>: |
| Plaintiff | :<br>: |
| v. | :      **CIVIL ACTION NO.** |
| | : |
| MICHELLE HAWKINS,<br>as next friend of the minor child, D.H.<br>and D.H., individually<br>3001 20th Street, NE<br>Washington, D.C. 20018 | :<br>:<br>:<br>:<br>: |
| | : |
| AND | :<br>: |
| THE GOVERNMENT OF THE DISTRICT<br>OF COLUMBIA<br>441 Fourth Street, N.W.<br>Washington, DC 20001 | :<br>:<br>:<br>: |
| | : |
| Defendants. | :<br>: |
| Serve: | :<br>: |
| Robert Spagnoletti,<br>Attorney General<br>District of Columbia<br>441 4th Street, N.W.<br>Washington, DC 20001 | :<br>:<br>:<br>:<br>: |
| | : |
| and | :<br>: |
| Mayor Anthony Williams<br>Office of the Secretary<br>1350 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | :<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

## JURISDICTION

1.    Jurisdiction of this Court is founded in 28 U.S.C. §1331, and the Individuals with Disabilities in Education Improvement Act of 2004, 20 U.S.C. §1415, ("IDEIA"), as an appeal of a hearing officer's determination which was filed pursuant to IDEIA, 20 U.S.C. § 1400 *et seq.*

2.    Plaintiff is a District of Columbia Public Charter School which has elected to be its own local education agency ("LEA") under IDEA, for special education issues.

3.    Defendant Hawkins and her minor child are currently residents of the District of Columbia and claimed District of Columbia residency for all or part of the time during the underlying administrative proceedings.

4.    Defendant Government of the District of Columbia  is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System ("DCPS").  DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA .

## FACTS

5.    D.H.  is a fourteen year-old, special education student who attended SAIL as a seventh grader until March of 2006.

6.    The student began his attendance at SAIL in April of his first grade year.

7.    The student's IEP's dated March 15, 2005 and March 15, 2006 provide for 100% out of general education in a full time special education setting.

8.    On June 23, 2006, the parent filed a due process hearing request alleging that

SAIL failed to develop an appropriate IEP, did not provide appropriate services, did not evaluate the student in all areas of disability, and failed to issue an appropriate notice of placement.

9.      To date, the student has a current IEP dated March 16, 2006, signed by the parent.  According to the IEP, the student received 30 hours per week of specialized instruction, one hour of speech and language services, and one hour of occupational therapy.

10.     The student's most recent evaluations took place in 2005 and 2006, and include a neuropsychological evaluation (3/27/06), a speech and language evaluation (6/20/05), an occupational therapy evaluation (Feb. and March 2005), and a psychological evaluation (3/29/05).

11.     While attending SAIL, the student was receiving specialized instruction, speech language therapy, and occupational therapy.

12.     SAIL, as its own LEA, can only place students within its jurisdiction.  Only DCPS, as the state educational agency ("SEA"), can place students in an alternative LEA.

13.     On July 6, 2006, SAIL filed a Motion to Dismiss or in the Alternative, a Motion to Join DCPS as a Necessary Party, asserting that only DCPS could place students in another LEA, and therefore SAIL could not provide the relief sought by the parent.  Chief Hearing Officer Smith denied this motion.

14.     On July 14, 2006, a resolution meeting was held at SAIL.  DCPS was invited to this meeting.  SAIL stated that it was not an appropriate setting for the student because it could not offer a full time special education setting, and the parent

requested placement at Katherine Thomas School or Chelsea School for the 2006-2007 school year.  The meeting was continued in order to allow DCPS an opportunity to review the current IEP and evaluations before considering placement.

15. On August 01, 2006, SAIL filed a Motion to Join a Necessary Party with Chief Hearing Officer Smith to join DCPS because it became clear at the July 14, 2006, resolution meeting that the central issue was placement.  Additionally, a placement meeting convened on August 8, 2006, in which Dr. Peggy Peagler of DCPS proposed Prospect Learning Center as a placement for the student.  The Motion to Join a Necessary Party, however, was not considered prior to the August 30, 2006, due process hearing.

16. On August 30, 2006,  a due process hearing was held in front of Hearing Officer Tonya Butler-Truesdale.  The parent made a motion to exclude SAIL's disclosures because the parent received the documents outside the five day disclosure rule.   The disclosures were untimely by one day because SAIL initially believed that the hearing was scheduled for August 31, 2006.  SAIL argued that the documents were already in the parent's possession and thus would not prejudice the student if admitted into the record.   However, the hearing officer granted the parent's motion and excluded SAIL's disclosures from the record.

17. At the hearing, SAIL also renewed its Motion to Join DCPS as a Necessary Party because DCPS had participated in a placement meeting prior to the hearing and issued a Prior Notice of Placement to Prospect Learning Center.  This motion

4

was denied.

18.  On September 19, 2006, the hearing officer issued her determination.  The

     hearing officer found that SAIL denied the student a free appropriate public

     education (FAPE) by failing to ensure he made academic progress, failing to

     ensure the issuance of an appropriate notice of placement, or initiate SEA

     participation when it was determined that the student could not derive

     educational benefit from the placement at SAIL.  However, the hearing officer

     also concluded that parent failed to prove that SAIL had not provided for and

     delivered appropriate instructional and related services pursuant to the IEP.

19.  The hearing officer ordered SAIL to fund the student at The Katherine Thomas

     School including transportation for the 2006-2007 school year.  SAIL was also

     ordered to convene an IEP meeting at Katherine Thomas to review and revise

     the IEP, fund forty-six hours of after school tutoring for reading, fund twenty-

     three hours of after school tutoring in study skills and organization, and fund

     Kurzwell and Inspiration software.

## COUNT I

20.  Plaintiff repeats and realleges paragraphs 1 - 19

21.  The hearing officer erred in denying SAIL's Motion to Join DCPS as Necessary

     Party in view of DCPS's assumption of jurisdiction of this student when it

     accepted SAIL's conclusion that it could not serve the student and indicated it

     would issue a Notice of Placement to Prospect Learning Center.

### COUNT II

22.    Plaintiff repeats and realleges paragraphs 1 - 19.

23.    Hearing Officer Butler-Truesdale erred in refusing to consider the validity of

SAIL's renewed Motion to Join DCPS as a Necessary Party by concluding that

involving DCPS, after the filing of the complaint, was ineffectual and a violation

of the student's due process rights.  Once DCPS accepted the invitation to the

resolution meeting on July 14, 2006, it was on notice that the student was in

need of a placement.  SAIL subsequently submitted all pertinent materials to

DCPS.   At the August 8, 2006 meeting, DCPS, through their placement

specialist, Dr. Peagler, indicated that it would issue a Notice of Placement to

Prospect Learning Center.   Once DCPS accepted that SAIL could not serve the

student, it assumed responsibility for placement, and offered Prospect.  Since

placement was the central issue in this case, it was an error to deny SAIL's

motion.

24.    SAIL does not have the jurisdiction to place students outside of its own LEA.

Only DCPS, as the SEA, can place students in an alternative LEA.

25.    When IDEA was amended in 2004, Congress added the requirement to hold a

resolution session before the parties could proceed to a due process hearing.

*See* 20 U.S.C. § 1415(f)(1)(B).  This new requirement displays the intent of

Congress to allow for the opportunity to resolve disputes before proceeding to a

hearing.  SAIL, therefore, was acting in conformance with the law by inviting

DCPS to the resolution meeting in an effort to resolve the matter without a

hearing.  This was certainly in no way a violation of the student's due process rights.

## COUNT III

26. Plaintiff repeats and realleges paragraphs 1 - 19.

27. Hearing Officer Butler-Truesdale erred in excluding SAIL's disclosures from the administrative record.  The disclosures only consisted of two documents, of which the parent was already in possession.  Furthermore, the disclosures were submitted only one day late due to a mistake regarding the hearing date.  Given these facts, the student would not be prejudiced by admitting the disclosures into the record.

## COUNT IV

28. Plaintiff repeats and realleges paragraphs 1 - 19.

29. The hearing officer erred in finding that SAIL denied the student FAPE by failing to issue an appropriate notice of placement.  As stated above, it is beyond SAIL's authority to place students outside of its own LEA.  As such, SAIL cannot be held responsible for issuing a notice of placement.

## COUNT V

30. Plaintiff repeats and realleges paragraphs 1 - 19.

31. The hearing officer erred in ordering SAIL to provide compensatory education. The hearing officer concluded that there was insufficient evidence to "support a finding fact that Respondent did not provide for and deliver appropriate instructional and related services pursuant to the IEP."  See Plaintiff's Exhibit 1,

7

HOD, at 7.  While it is undisputed that hearing officers have the authority to grant

compensatory relief, there is no automatic entitlement.  Rather, a fact specific

analysis must be undertaken in each case.  In this case, the hearing officer did

not find that SAIL failed to provide appropriate services, nor did the parent prove

that the student suffered any educational harm, and as such no compensatory

education was warranted.

### COUNT VI

32.    Plaintiff repeats and realleges paragraphs 1 - 19.

33.    The hearing officer erred in ordering SAIL to fund Kurzwell and Inspiration

software.  The student never requested this relief, nor was it recommended by

the student's evaluations.  While it is true that hearing officers have broad

discretion with respect to awarding relief, this order is simply not supported by

the disclosures submitted by the parent.

### COUNT VII

34.    Plaintiff repeats and realleges paragraphs 1 - 19.

35.    The hearing officer erred in allowing petitioner to file, post hearing, a proposed

compensatory education plan.  Respondent had objected during the hearing that

Petitioner had failed to provide any evidence required under *Reid v. District of*

*Columbia*, 401 F.3d 516 (D.C. Cir 2005) as to the nature of what, if any, services

would be due to the student for any failure on the part of the SAIL in delivering

special education services.  In addition to failing to provide such evidence at the

hearing as required, submission after the hearing denied SAIL any ability to

8

cross exam witnesses if such evidence was so established or to provide rebuttal evidence if provided in written form.

**WHEREFORE**, the Plaintiff respectfully requests this Court to:

1.    Issue a judgment for the Plaintiff and against the Defendants on all aforementioned counts;

2.    Order that the September 19, 2006, Hearing Officer's Decision be reversed, finding no denial of a free, appropriate, public education by SAIL PCS; and

3.    Grant such other and further relief as the Court deems just and proper.

Date: October 23, 2006                          Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq.
Counsel for Plaintiff
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (f)

# District of Columbia Public Schools

## Office of Management Services

Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.: Room 8076
Washington, D.C. 20002
(202) 518-8587
Facsimile: (202) 442-5556

### Confidential

| | |
|---|---|
| D███████ STUDENT ) | |
| Date of Birth: ████ ) | |
| ) | Hearing Date: August 30, 2006 |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | Request for Hearing: June 26, 2006 |
| THE SCHOOL FOR ARTS IN ) | |
| LEARING PUBLIC(hereinafter SAIL) ) | Held at: 825 North Capitol Street, N.E. |
| PUBLIC CHARTER SCHOOL ) | 8th Floor |
| Respondent. ) | Washington, D.C. 20002 |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Ms. Michelle Hawkins, Mother<br>3001 20th Street, NE<br>Washington, DC 20018 |
| Counsel for Petitioner: | Donna L. Wulkan, Esquire<br>1765 N Street, NW<br>Washington, D.C. 20036<br>(202) 682-5909; Fax: (202) 955-1015 |
| Counsel for Respondent: | Paul Dalton, Esquire<br>1008 Pendleton Street<br>Alexandria, VA 22314 |

*In the Matter of D.H.*

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

# INDEX OF NAMES

| | |
|---|---|
| | D█████ H██████ |
| Child | Michelle Hawkins, Mother |
| Child's Parent(s) (specific relationship) | Donna L. Wulkan, Esquire |
| Child Parent's Representative | Gina Deck, Esquire |
| | Paul Dalton, Esquire |
| School's Representative | Quinne Harris Lindsey |
| DCPS Representative | Katherine Thomas School |
| Coordinator | Jenna Umansky |
| Special Education Coordinator | Dr. Joette James |
| Pediatric Neuropsychology | |
| | |
| | |

2

*In the Matter of D.H.*

## Jurisdiction

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 1997 (I.D.E.I.A.)*, 20 U.S.C.; 5 D C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## Introduction

Petitioner is a fourteen year old student attending SAIL Public Charter School. On June 23, 2006, Petitioner submitted a hearing request alleging that SAIL Public Charter School failed to:

1. develop an appropriate IEP including but not limited to developing appropriate goals and an appropriate disability classification;
2. issue an appropriate notice of placement;
3. provide for and deliver appropriate instructional and related services;
4. evaluate the Petitioner in all areas of suspected disability;
5. ensure Petitioner makes adequate progress in his academic program; and,
6. provide appropriate special education instruction and therefore provide an appropriate placement.

A hearing was convened on August 30 2006 at 9:00 am at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. Petitioner submitted disclosures labeled P1-P17 and SAIL Public Charter school sought to admit SAIL01-SAIL-02 these disclosures were returned to the Respondent pursuant to a motion for exclusion by Petitioner due to the fact that the disclosures were received by Petitioner outside of the five day disclosure rule. Respondent argued that the documents included in the disclosure were already in Petitioner's possession and that the disclosures were untimely because Respondent initially believed that the hearing was scheduled for August 31, 2006.

The second preliminary issue argued in this case related to pre-hearing motions submitted by the Respondent. The initial pre-hearing motion argued that the matter should be dismissed since DCPS was not named as a respondent. DCPS submitted a motion in opposition. Chief Hearing Officer Smith ruled on this motion and it was denied on July 12, 2006. Chief Hearing Officer Smith determined that

The allegations in the Complaint concerning a denial of FAPE are against SAIL. Furthermore, the Complaint does not state facts alleging that DCPS has denied the student FAPE.

2

09 19 2006 16:01    090400555

09 19 2006 10:54    090010555

STUDENT HEARING OFF
4TH BUTLER TUESDAY

PAGE 05 14
PAGE 05

*In the Matter of D.H.*

notwithstanding the parents requested remedy of a placement. Additionally, based on the allegations in the Complaint, SAIL as its own LEA may be able to provide the relief requested should it be determined that there was a denial of FAPE. Accordingly, Respondent SAIL's "Motion to Dismiss" or in the Alternative Motion to Join in a Necessary Party," is Denied. DCPS' "Motion to Dismiss" concerning it being a party is Granted. See Order dated July 15, 2007 [should be 2006].

Respondent renewed its Motion to Join a Necessary Party as a preliminary matter arguing that now that DCPS participated in a placement meeting and issued a prior notice of Placement to Prospect, DCPS is a necessary party. Respondent further argued that SAIL can not issue a placement outside of its jurisdiction and that the ruling of Chief Hearing Officer Smith is no longer relevant. Respondent was unable to identify any binding statutory authority or case law which supported the argument that DCPS "participation" in a "placement meeting" constituted: (1) an effective prior notice of placement; prior notice to DCPS as the SEA that it was unable to meet the Petitioner's educational needs; and, or an effective joiner of DCPS as a party to the complaint. For these reasons Respondent's second preliminary motion was overruled.

Counsel for Respondent chose to depart prior to the adjournment of the hearing. The Special Education Coordinator of SAIL Public Charter School departed with her counsel prior to the adjournment of the hearing.

Prior to the adjournment of the hearing but after the departure of Respondent's counsel this hearing officer agreed to leave the record open for Petitioner to submit the following documents in lieu of a formal closing argument and to supplement the informal closing rendered:

1. copies of U.S. District Court cases regarding charter schools,
2. a proposed compensatory education plan; and,
3. a copy of Section 319 of the DCMR.

Petitioner also included a summary chart of the U.S. District Court cases which was not used in this hearing officer's determination.

The hearing officer also received Plaintiff's Opposition to Defendant's September 1, 2006 filing of a *Praecipe* and a copy of an amicus brief filed in the Blackman-Jones Class Action Suit. Petitioner argues that Respondent voluntarily waived his right to conduct a closing argument when counsel departed prior to the adjournment of the hearing. The hearing officer agrees that the Respondent specifically waived his right to a verbal closing argument prior to exiting the hearing before adjournment. However, there was no conversation in Respondent's presence regarding the consideration of written closing arguments. Without such clarity to Respondent, this hearing officer would

consider the post hearing motion as a matter of equity since post hearing submissions were permitted for the Petitioner.

4

08 19 2006 15:02   000-405555                    STUDENT HELPLINE OFF                PAGE 07 14
                                                ATTY BUTLER FEDERAL                PAGE 08
16 19 2006 10:54   0005190655

*In the Matter of D.H.*

However, since Respondent's disclosures were excluded from the record, pursuant to the five day disclosure rule, this hearing officer has no record of Respondent's answer or to Petitioner's complaint. Any assertions in the *Praecipe* would have to have been consistent with Respondent's answer to which the hearing officer has no access. A new or additional legal argument not be pleaded in the answer could severely prejudice Petitioner's case and compromise Petitioner's ability to adequately represent her client. The hearing officer's inability to isolate issues or defenses in the *Praecipe* which the Petitioner would not have had notice to requires that the assertions of the *Praecipe* be given very limited weight.

The hearing officer also notes and that the Respondent's *Praecipe* and Blackmar's Amicus Brief were not received by the hearing officer prior to September 18, 2006. This hearing was alerted to its existence by the Petitioner's Opposition filed on September 11, 2006. The hearing officer called Counsel for Respondent and requested that the documents be resent to her home facsimile on September 19, 2006.

## Witness for SAIL Public Charter School
Jenna Umansky, Special Education Coordinator, SAIL Public Charter School

## Witnesses for Petitioner
Michelle Hawkins, Mother
Dr. Joette James, Pediatric Neuropsychologist Fellow, Children's National
Medical Center
Debbie Louri, Admissions Coordinator, Katherine Thomas School

## Findings of Fact

1. Petitioner is a fourteen year old attending SAIL Public Charter School.[1]

2. Petitioner attended SAIL Public Charter School for seven years. He began attendance in April of his first grade year and continued to March of his 7th grade year.

3. Petitioner was retained in the 6th grade and spent approximately 8 years at SAIL Public Charter School.

4. Petitioner's IEPs from March 15, 2006 and March 15, 2005 provides for 100% out of full time special education. See P-12 and P-13

---

[1] *Request at 1.*

09 19 2006 15:02    2004405555                    STUDENT HEARINGS OFF                    PAGE 09 14
                                                  ATTY BUTLER TRUESDALE                    PAGE  07
25 15 2006 13:54    2025035555

In the Matter of D.H.

5.  Petitioner attended Friendship Edison Public Charter School, prior to enrollment at SAIL and has never attended a DC Public School.

6.  A March 27, 2006 Neuropsychological Evaluation performed by Dr. Joette James determined that Petitioner is functioning two to five grade levels below his grade level. See P-6, page 5

7.  The same evaluation recommended, amongst other things, that Petitioner be placed in a highly structured classroom with a low student teacher ratio and that Petitioner requires intensive reading instruction. See P-6, page 7

8.  During the hearing Dr. Joette James credibly testified that Petitioner evaluation revealed that he is testing more in the Mental Retardation range although his classification is Mentally Delayed, SLI and SLD.  She further opined that his performance was quite a bit lower than what would be expected since he allegedly was receiving special education services.

9.  Dr. Joette James stated that a placement where the student classification is predominantly ED would be detrimental to the Petitioner.

10.   Debbie Lourie, the Admissions Coordinator for the Katherine Thomas School stated that after a review of Petitioner's records, admission was offered.  She concluded  that  educational benefit could  be  afforded  consistent  with  the recommendations of his evaluations and existing IEPs.

11.   Petitioner's mother, Michelle Hawkins credibly testified that she has never received a prior notice of placement from DCPS with respect to placement for the Petitioner.

12.   Ms. Hawkins further credibly testified that all of Petitioner's IEPs from the second grade forward required the same level of services.

13.   Ms. Hawkins testified that prior to March of 2006 when she had a discussion with Petitioner's Speech and Language Pathologist, and his English teacher, no one at SAIL ever said they could not serve the Petitioner. She further elaborated that prior to that conversation, it was her understanding that SAIL personnel believed that Petitioner should continue his enrollment at SAIL. She further explained that although Ms. Umansky thought that Petitioner should be looking for another placement that she never said that SAIL was an inappropriate placement. While this testimony appears less credibly, Respondent did not provide any evidence or testimony which directly contradicted Ms. Hawkins' testimony since Ms. Umansky testified on cross examination that she did not discuss the appropriateness of SAIL for the Petitioner with Ms. Hawkins.

6

09 15 2006 15:50    1804405556                    STUDENT HEARING OFF              PAGE 09/14
                                                ATTN BLADES TUESDAY              PAGE 09
09/15/2006 13:54    2025165556

*In the Matter of D.H.*

14.    Ms. Hawkins credibly testified that when she attended the July 14, 2006 Resolution Meeting she had not been alerted or notified that there would be a placement meeting. Nor did she expect that anyone other than SAIL personnel and her attorney would meet with her.

15.    Ms. Hawkins credibly testified that she did not receive a procedural safeguards manual at the July 14, 2006 meeting and that there was no notice of placement given to her at that same meeting.

16.    Dr. Peagler, a DCPS Placement Specialist participated in a conversation regarding placement with Petitioner and Respondent at the July 14, 2006 Resolution Meeting.

17.    No evidence was presented indicating that SAIL Public Charter School notified DCPS that it could not serve the Petitioner's needs.

18.    SAIL Public Charter School acknowledged that it could not provide educational benefit when is sought the participation of DCPS at the July 14, 2006 Resolution Meeting by unilaterally inviting Dr. Peagler to participate in the Resolution Meeting.

19.    Petitioner's recommended Compensatory Education Plan is comprehensive and addresses needs identified by related evaluations.

## Conclusions of Law

1. SAIL Public Charter School denied Petitioner free appropriate public education by failing to:

    a.   ensure that Petitioner made progress in his academic program;

    b.   ensure the issuance of an appropriate notice of placement; or,

    c.   initiate SEA participation when it was determined that the Petitioner could not derive educational benefit from the placement at SAIL.

2. Insufficient evidence was submitted to support a finding fact that Respondent did not provide for and deliver appropriate instructional and related services pursuant to the IEP since no witnesses testified with respect to compliance with the Petitioner's IEP's.

3. The Respondent's attempt to involve DCPS in the placement process after the filing of the complaint and during the Resolution Session for the Petitioner was ineffectual and a violation of Petitioner's due process rights since the agenda of the

05 19 2006 15:51    1004-15555          STUDENT HEARING OFF          PAGE 13 14
                                        LAW OFFICE OF BUTLER TRUEST          PAGE 09
05 19 2006 12:54    0815183535

*In the Matter of D.H.*

Resolution Session was altered by the unilateral invitation of a DCPS placement specialist by Respondent on the day of the Resolution meeting.

4. Respondent's assertions that no Order can be issued against SAIL Public Charter School with respect to placement since the SAIL allegedly no authority to place student outside its jurisdiction is of little relevance. Respondent failed to present any relevant case law or statute in support of this contention. In oppose of this contention, The District of Columbia Municipal Regulations Section 5-3019 states in relevant part:

3019.2- LEA charters shall be responsible for ensuring that the requirements of Part B of the Act, including documentation of required policies and procedures are met in regard to children enrolled in their schools...

3019.3- ...LEA Charters are responsible for special education... placements for children enrolled in their facilities.

3019.8- LEA ... are [is] responsible for providing all necessary related services to children with disabilities enrolled in their facilities, consistent with these children's IEPs

3019.9 – When an LEA Charter concludes that it cannot serve a child with a disability enrolled in its facility using the funds available to it, it shall appeal to DCPS, in its role as designee for the State Education Agency (SEA) for assistance.

3019.11- If, following an appeal or notification... DCPS agrees that a charter school can not serve the child in question, DCPS will assume responsibility for the child....

3019.12- DCPS, in its role as the SEA, will arrange for and fund special education mediation and due process hearings involving charter schools if asked to do so by the charter school.

3019.13- ....LEA Charters shall provide their own representation at, and be responsible for implementation of all agreements or decisions resulting from, mediation and due process hearings involving children enrolled in their school, unless implementation of the agreement or decision is the responsibility of DCPS as a result of any actions or inactions of

05 19 2006 15:32   2024425555

05 19 2006 10:54   2025153555

STUDENT HEARINGS OFF

CITY BUTLER TRUESDALE

PAGE 10 14
PAGE 19

*In the Matter of D.H.*

DCPS while a child had been enrolled at an LEA Charter school or pursuant to federal or local law or regulation.

[Emphasis Added]

Given the broad discretion given to the LEA and the scope of responsibilities delegated to the LEA pursuant to the above DCMR sections it is arguable that when a LEA has defaulted on its obligations under the Act and the DCMR, a private school placement is "proper under the Act" if the education provided by the private school is reasonably calculated to enable the child to receive educational benefits." "[O]nce a court holds that the LEA placement violated IDEA, it is authorized to 'grant such relief as the court determines is appropriate.' . . . '[E]quitable considerations are relevant in fashioning relief . . . and the court enjoys 'broad discretion' in so doing."[3]

If the LEA is acting as an agent of the SEA and has failed to alert the SEA prior to the filing of the due process hearing complaint that its ability to meet its obligations to the student Petitioner and the SEA are compromised, then there has been no shift in the burden of the LEA to the SEA.

There is nothing in the related DCMR sections which indicates that Petitioner's withdrawal in March of 2006, approximately eight months into the school year and LEA funding cycle, would abate its responsibility for relief to a Petitioner who has suffered educational harm. There is nothing in the relevant DCMR sections which suggest that the LEA's alleged inability to issue a notice of placement would preclude the LEA from financial responsibility from any resulting placement award. Moreover, Petitioner's resulting unilateral placement of Petitioner at the Katherine Thomas School for the

---

[2] *Florence County School District Four v. Carter*, 510 U.S. 7, 11 (1993).

[3] *Id.*, 510 U.S. at 15-16.

09 19 2006 15:31    1004455555    STUDENT HEARING OFF    PAGE 10 14
05 19 2006 11:54    2025199555    ATTY BUTLER FREEDAL    PAGE 11

*In the Matter of D.H*

remainder of the 2005-2006 school year is less than relevant given that Petitioner did not seek reimbursement in the instant hearing complaint for Petitioner's enrollment from March 2006 to June 2006. The complaint does not ask for retroactive placement. The Petitioner seeks as relief placement for the denial of FAPE within the statute of limitations and the Petitioner's disclosures contain IEPs in question for the previous two school years.

5. Petitioner is the prevailing party in this proceeding.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the August 30, 2006 hearing, and the representations of the parties' counsel at the hearing, this 18th day of September 2006, it is hereby

**ORDERED**, that Respondent, SAIL Public Charter School fund Petitioner at The Katherine Thomas School including transportation for the 2006-2007 and the 2006-2007 school years.

**IT IS FURTHER ORDERED**, that within forty-five days of Petitioner's enrollment an IEP meeting shall be convened at the Katherine Thomas School to review and revise the Petitioner's IEP as need the team shall also discuss any issues related to the implementation of the compensatory education award enumerated below.

**IT IS FURTHER ORDERED**, Respondent shall fund forty-six hours of after school tutoring for reading at the Katherine Thomas School.

**IT IS FURTHER ORDERED**, Respondent shall fund twenty-three hours of after school tutoring in study skills and organization at the Katherine Thomas School.

**IT IS FURTHER ORDERED**, Respondent shall fund the following software within thirty calendar days of Petitioner's enrollment:
Kurzweil 3000 Learn Station
Inspiration or CoWriter or Write Out Loud

**IT IS FURTHER ORDERED**, that Respondent shall reimburse Petitioner for all reasonable attorneys fees consistent with any currently existing SEA attorney cost and fee guidelines and policy with respect to hourly rates.

*In the Matter of D.H.*

IT IS FURTHER ORDERED, that if Respondent fails to fund the following software within thirty days of Petitioner's enrollment, Petitioner may forward invoices for reimbursement directly to the Respondent and the Petitioner is to be reimbursed for the new software products within ten business days of submittal to Respondent.

IT IS FURTHER ORDERED, that no later than May 11, 2006 a MDT/IEP meeting shall be convened at the Katherine Thomas School. The team shall discuss and determine if ESY services are warranted. If the team determines that Petitioner demonstrates regression during breaks and ESY is required to retain emerging and progressing skills, the Respondent shall fund ESY services for the Petitioner for the Summer of 2007 since the record contains no evidence of ESY services rendered for 2006 pursuant to Petitioner's March 15, 2006 IEP meeting.

IT IS FURTHER ORDERED, that this Order is effective immediately.

Notice of Right to Appeal Hearing Officer's Decision and Order

This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date:   September 19, 2006 *
* Record held open for receipt of post hearing submissions until September 16, 2006. On September 11, 2006, the hearing officer received an additional post hearing motion (Plaintiff's Opposition to Defendant's September 1, 2005 Filing) from Petitioner requiring further consideration and affording response time to Respondent.

Issued:   9/19/06

Copies to:

Donna L. Wulkan, Esquire

09 19 2006  16:31    2024405556

*In the Matter of D.H.*

1765 N Street, NW
Washington, D.C. 20036
(202) 682-0800 Fax (202) 955-1015

Paul Dalton, Esquire
1008 Pendleton Street
Alexandria, VA 22314

Quinne Harris-Lindsey, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

12