UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAIL Public Charter School,           :

    Plaintiff,                    :

        v.                       :        Civil Action No.  06-1821 (RWR)

MICHELLE HAWKINS, *et. al.,*          :

    Defendants                    :

## ANSWER OF THE DISTRICT OF COLUMBIA TO THE COMPLAINT

In answer to the specific paragraphs of the complaint this defendant, by counsel, states as follows:

## JURISDICTION

1. The allegations of paragraph 1 of the complaint are conclusions of law and/or the pleader to which no response is required. If a response is required, then the same are denied, except that this defendant admits the existence of the cited statutes.

2. This defendant admits the allegations of paragraph 2 of the complaint.

3. This defendant is without knowledge sufficient to respond to the allegations of paragraph 3.

4. This defendant admits that the District of Columbia is a municipal corporation, and that the District of Columbia Public Schools (DCPS) are part of the District government. The remaining allegations of paragraph 4 are conclusions of law and/or the pleader to which no response is required. If a response is required, then the same are denied.

## FACTS

5, 6. This defendant admits the allegations of paragraphs 5 and 6 of the complaint.

7. This defendant is without knowledge sufficient to respond to the allegations of paragraph 7.

8. This defendant admits the allegations of paragraph 8.

9, 10, 11. This defendant is without knowledge sufficient to respond to the allegations of paragraphs 9 through 11, except to admit that a neuropsychological evaluation was performed on March 27, 2006.

12. The allegations of paragraph 12 are conclusions of law and/or the pleader to which no response is required. If a response is required, then the same are denied

13. This defendant admits the allegations of paragraph 13.

14. This defendant admits that a resolution meeting was held at SAIL Public Charter School ("SAIL") on July 14, 2006, that on the day of the meeting SAIL invited Dr. Peagler of DCPS to participate, and that the meeting was continued to give her more time to review materials. This defendant is without knowledge sufficient to respond to the remaining allegations of paragraph 14.

15. This defendant admits that SAIL renewed its motion to join DCPS as a necessary party, that that motion also was denied, that on August 8, 2006, a Dr. Peagler attended a placement meeting, and that she suggested Prospect Learning Center as a placement. This defendant is without knowledge sufficient to respond to the remaining allegations of paragraph 15.

16. This defendant admits the allegations of paragraph 16.

17. This defendant admits that SAIL renewed its motion to join DCPS as a necessary party at the hearing on August 30, 2006, and that the motion was denied. This defendant is without knowledge sufficient to respond to the remaining allegations of paragraphs 17.

18, 19.  This defendant admits the allegations of paragraphs 18 and 19.

## COUNT I

20.  This defendant realleges and incorporates by reference its responses to paragraphs 1 through 19 above.

21.  The allegations of paragraph 21 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

## COUNT II

22.  This defendant realleges and incorporates by reference its responses to paragraphs 1 through 19 above.

23, 24, 25.  The allegations of paragraphs 23 through 25 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

## COUNT III

26.  This defendant realleges and incorporates by reference its responses to paragraphs 1 through 19 above.

27.  The allegations of paragraph 27 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

## COUNT IV

28.  This defendant realleges and incorporates by reference its responses to paragraphs 1 through 19 above.

29.  The allegations of paragraph 29 of the complaint are conclusions of law and/or the pleader to which no response is required.  If a response is required, then the same are denied.

## COUNT V

30. This defendant realleges and incorporates by reference its responses to paragraphs 1 through 19 above.

31. The allegations of paragraph 31 of the complaint are conclusions of law and/or the pleader to which no response is required. If a response is required, then the same are denied.

### COUNT VI

32. This defendant realleges and incorporates by reference its responses to paragraphs 1 through 19 above.

33. The allegations of paragraph 33 of the complaint are conclusions of law and/or the pleader to which no response is required. If a response is required, then the same are denied.

### COUNT VII

34. This defendant realleges and incorporates by reference its responses to paragraphs 1 through 19 above.

35. The allegations of paragraph 35 of the complaint are conclusions of law and/or the pleader to which no response is required, and this defendant does not otherwise comment concerning them.

This defendant denies all allegations not previously admitted or otherwise answered, and admits no allegations unless clearly so stated above.

### First Affirmative Defense

The complaint fails to state a claim against this defendant upon which relief can be granted.

### Second Affirmative Defense

The Hearing Officer's Determination is supported by substantial evidence in the administrative record and should be affirmed.

Respectfully submitted,

LINDA SINGER
Acting Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

　　　/s/ Edward P. Taptich
EDWARD P. TAPTICH [#012914 ]
Chief, Equity Section II

　　　/s/ Cary D. Pollak
CARY D. POLLAK [#055400]
Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6604
(202) 727-0431 (fax)
Email: cary.pollak@dc.gov

February 2, 2007