**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE SCHOOL FOR ARTS | ) | |
| IN LEARNING ("SAIL") | ) | |
| PUBLIC CHARTER SCHOOL | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1821 (TFH) |
| | ) | |
| MICHELLE HAWKINS, et. al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

ANSWER OF DEFENDANT HAWKINS TO THE COMPLAINT

COMES NOW defendants, Michelle Hawkins, as next friend of the minor child, D.H.,

and D.H., individually (hereinafter "Defendant Hawkins"), by and through their attorney, to the

Complaint state as follows:

1.    Defendant Hawkins admits the allegations contained in Paragraph 1 of the Complaint.

2.    Defendant Hawkins admits that SAIL is its own Local Education Agency ("LEA"), but

denies that SAIL is an LEA only under the IDEA.  SAIL is an LEA under all applicable

education laws, statutes and regulations, including the District of Columbia Municipal

Regulation.

3.    Defendant Hawkins admits the allegations contained in Paragraph 3 of the Complaint.

4.    Defendant Hawkins admits the allegations in sentences one and two of Paragraph 4.  The

remaining allegations in paragraph 4 are conclusions of law and/or of the pleader to

which no response is required.  If a response is required, then the same allegations are

denied.

5.    As to Paragraph 5 of the Complaint, Defendant Hawkins admits that D.H. is 14 years old

and attended SAIL through seventh grade, however denies that he stopped attending

SAIL in March of 2006 because he stopped attending SAIL at the end of the 2005-2006

school year.

6.    Defendant Hawkins admits the allegation contained in Paragraph 6 of the Complaint.

7.    Defendant Hawkins admits the allegations contained in Paragraph 7 of the Complaint.

8.    Defendant Hawkins admits the allegations contained in Paragraph 8 of the Complaint as

to the substance of the due process hearing request, but denies that those were the only

allegations contained in the due process hearing request.

9.    As to Paragraph 9, Defendant Hawkins denies that there was an IEP dated March 15,

2006.  However, Defendant Hawkins admits that there was an IEP dated March 16, 2006

that contained the services described in Paragraph 9 of the Complaint.  Defendant

Hawkins denies that the March 16, 2006 IEP is D.H.'s current IEP.

10.    Defendant Hawkins admits that the evaluations listed in Paragraph 10 were conducted on

D.H., however Defendant denies that they are the most recent evaluations of D.H.

11.    Defendant Hawkins denies the allegations contained in Paragraph 11 of the Complaint.

12.    The allegations contained in Paragraph 12 of the Complaint are conclusions of law and/or

of the pleader to which no response is required.  If a response is required, then the same

allegations are denied.

13.    Defendant Hawkins admits that the described Motion was filed by SAIL, however the

validity of the assertions outlined in Paragraph 13 as to the substance of that Motion are

denied.  The last sentence is admitted.

14.    Defendant Hawkins admits sentence 1 of paragraph 14 of the Complaint. Defendant is without sufficient knowledge to admit or deny the allegation in sentence 2. As to sentence 3, Defendant admits that SAIL stated it was not an appropriate setting and admits that the parent requested the placements listed, but denies the remaining allegations in sentence 3. Defendant denies the allegations in sentence 4.

15.    Defendant Hawkins admits that a Motion was filed as stated in Paragraph 15 of the Complaint, however, Defendant is without sufficient knowledge to admit or deny why that Motion was filed. Sentence 2 is denied. As to sentence 3, Defendant is without sufficient knowledge to admit or deny that allegation.

16.    Defendant Hawkins admits sentences 1 and 2 of Paragraph 16 of the Complaint. Defendant lacks sufficient knowledge to admit or deny the allegation in sentence 3. Sentence 4 is denied. The Defendant admits sentence 5.

17.    Defendant Hawkins denies the allegations in sentence 1 of Paragraph 17 of the Complaint and admits sentence 2.

18.    Defendant Hawkins admits the allegations contained in Paragraph 18 of the Complaint.

19.    Defendant Hawkins admits the allegations contained in Paragraph 19 of the Complaint as to the actions ordered by the hearing officer's decision, but denies that these are the only orders contained in that decision.

COUNT I

20.    The Defendant incorporates by reference all her prior statements in Paragraphs 1- 19 in response to Paragraph 20 of the Complaint.

21.    The allegations contained in Paragraph 21 of the Complaint are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same

allegations are denied.

## COUNT II

22.     The Defendant incorporates by reference all her prior statements in Paragraphs 1-19 in response to Paragraph 22 of the Complaint.

23-25.  The allegations contained in Paragraphs 23-25 of the Complaint are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

## COUNT III

26.     The Defendant incorporates by reference all her prior statements in Paragraphs 1-19 in response to Paragraph 26 of the Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

## COUNT IV

28.     The Defendant incorporates by reference all her prior statements in Paragraphs 1-19 in response to Paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 of the Complaint are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

## COUNT V

30.     The Defendant incorporates by reference all her prior statements in Paragraphs 1-19 in response to Paragraph 30 of the Complaint.

31.     The allegations contained in Paragraph 31 of the Complaint are conclusions of law and/or

of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

## COUNT VI

32.    The Defendant incorporates by reference all her prior statements in Paragraphs 1-19 in response to Paragraph 32 of the Complaint.

33.    The allegations contained in Paragraph 33 of the Complaint are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

## COUNT VII

34.    The Defendant incorporates by reference all her prior statements in Paragraphs 1-19 in response to Paragraph 34 of the Complaint.

35.    The allegations contained in Paragraph 35 of the Complaint are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same allegations are denied.

Defendant Hawkins denies all allegations not previously admitted or otherwise answered, and admits no allegations unless clearly so stated above.

## DEFENSES AND AFFIRMATIVE DEFENSES

The Complaint fails to state a claim upon which relief can be granted.

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and therefore should be affirmed.

The Complaint cites incorrect factual allegations to support its claims.

As to Claims I and II, neither Motion was supported by case law or statute.

The Plaintiff's claims are barred by estoppel, waiver and laches.

## COUNTERCLAIMS

<u>JURISDICTION</u>

36.    Jurisdiction of this Court is founded upon Rule 13 of the Federal Rules of Civil

Procedure, allowing counterclaims to be stated against an opposing party in a Defendant's

Answer to the Compliant.

37.    Independent jurisdiction arises from 20 U.S.C. §1400 et seq. and 42 U.S.C. §1983 as to

the non-implementation of a final administrative order; 20 U.S.C. §1400 et seq. and

DCMR Title 5 which authorize actions to collect fees as prevailing party in IDEA

administrative matters; and 20 U.S.C. §1400 et seq. and DCMR Title 5 which confer

rights to students with disabilities and their parents.

<u>FACTS</u>

38.    The Hearing Officer's Decision, issued on September 19, 2006 in the matter of D.H.,

found as a conclusion of law that Defendant Hawkins was the prevailing party in that due

process proceeding.

39.    The Hearing Officer's Decision ordered SAIL to reimburse Defendant Hawkins for all

reasonable attorneys' fees.

40.    On September 28, 2006, Defendant Hawkins, through counsel, submitted an attorneys'

fee invoice to Plaintiff's counsel with a request for payment.

41.    SAIL has not made any payments pursuant to that attorneys' fee invoice.

42.    The Hearing Officer's Decision ordered SAIL to convene an IEP meeting at the Katherine

Thomas School to review and revise D.H.'s IEP and to discuss any issues related to the implementation of the compensatory education award enumerated in the Hearing Officer's Decision.

43.    SAIL did not schedule, convene or participate in any IEP meetings convened at the Katherine Thomas School to review and revise D.H.'s IEP or to discuss any issues related to the implementation of the compensatory education award enumerated in the Hearing Officer's Decision.

44.    The Hearing Officer's Decision ordered SAIL to convene a meeting at the Katherine Thomas School to discuss and determine if ESY services are warranted.  The Hearing Officer's Decision also ordered SAIL to fund ESY services for D.H. for the Summer 2007 if it is determined that ESY is required.

45.    SAIL has not convened any meetings to discuss and determine if ESY services are warranted, nor arranged for funding of ESY if those services are warranted.

46.    The Hearing Officer's Decision ordered SAIL to fund forty-six hours of after school tutoring for reading at the Katherine Thomas School.

47.    SAIL has not made any payments to the Katherine Thomas School to fund forty-six hours of after school tutoring for reading.

48.    The Hearing Officer's Decision ordered SAIL to fund twenty-three hours of after school tutoring in study skills and organization at the Katherine Thomas School.

49.    SAIL has not made any payments to the Katherine Thomas School to fund twenty-three hours of after school tutoring in study skills and organization.

50.    The Hearing Officer's Decision ordered SAIL to fund Kurzweil 3000 Learn Station software and Inspiration or CoWriter or Write Out Loud software.

51. SAIL has not funded Kurzweil 3000 Learn Station software nor Inspiration software nor CoWriter software nor Write Out Loud software for D.H.

52. D.H. began attending SAIL on August 28, 2006.

53. The Hearing Officer's Decision ordered SAIL to fund D.H. at the Katherine Thomas School including transportation for the 2006-2007 and the 2006-2007 [sic] school years.

54. On October 17, 2006, Richard Pavlin, the Executive Director of the Katherine Thomas School, sent an invoice for tuition payment to Mr. Lawrence Riccico, CEO of SAIL and to counsel for SAIL.  That invoice totaled $4,414.30 for tuition and related services for the period August 28, 2006 through September 20, 2006.  According to that letter, payment by SAIL was due within 10 days of receipt of that invoice.

55. On November 16, 2006, Suellyn Sherwood, Director of Operations for the Katherine Thomas School, sent an invoice for tuition payment to Mr. Riccico.  That invoice totaled $3,803.20 for tuition and related services for the month of October 2006.  According to that letter, payment by SAIL was due within 10 days of receipt of that invoice.

56. On November 16, 2006, Mr. Pavlin copied counsel for SAIL on a letter stating that because of SAIL's non-payment of tuition, the Katherine Thomas School was planning to discharge D.H. from its program.  That letter stated that the discharge would take place unless SAIL immediately paid the outstanding balance and made arrangements to pay the remaining tuition each month when due.

57. SAIL has not made any tuition payments on behalf of D.H. to the Katherine Thomas School.

58. The Hearing Officer's Decision ordered that the Order was effective immediately.

59. SAIL did not at any time file a Motion to Stay in this Court in relation to any of the

actions ordered in the Hearing Officer's Decision nor has SAIL complied with any

provisions of the Hearing Officer's Decision.


<u>COUNT I</u>

60.    Defendant Hawkins repeats and realleges paragraphs 38 through 59.

61.    SAIL failed to implement a final hearing officer's decision as it relates to the funding of

ordered compensatory education and the convening of the ordered MDT meeting to

discuss issues related to the implementation of that compensatory education.  SAIL's

failure is in violation of that administrative order, issued pursuant to 20 U.S.C. §1400 et

seq., and in violation of 42 U.S.C. §1983.  In addition, SAIL failed to motion this Court

for a stay of that order and instead, for the nearly five months since the issuance of the

order, simply ignored the order.


<u>COUNT II</u>

62.    Defendant Hawkins repeats and realleges paragraphs 38 through 59.

63.    SAIL failed to implement a final hearing officer's decision as it relates to the convening

of the ordered IEP meeting at the Katherine Thomas school to review and revise D.H.'s

IEP.  SAIL also failed to attend any IEP meetings convened by the Katherine Thomas

School to review and review D.H.'s IEP.  SAIL's failure is in violation of that

administrative order, issued pursuant to 20 §U.S.C. 1400 et seq., and in violation of 42

U.S.C. §1983.  In addition, SAIL failed to motion this Court for a stay of that order and

instead, for the nearly five months since the issuance of the order, simply ignored the

order.

<u>COUNT III</u>

64.     Defendant Hawkins repeats and realleges paragraphs 38 through 59.

65.     SAIL failed to implement a final hearing officer's decision as it relates to the convening

        of an MDT meeting to discuss and determine if ESY services are warranted and, if those

        services are warranted, to fund ESY.  SAIL's failure is in violation of that administrative

        order, issued pursuant to 20 §U.S.C. 1400 et seq., and in violation of 42 U.S.C. §1983.  In

        addition, SAIL failed to motion this Court for a stay of that order and instead, for the

        nearly five months since the issuance of the order, simply ignored the order.

<u>COUNT IV</u>

66.     Defendant Hawkins repeats and realleges paragraphs 38 through 59.

67.     SAIL failed to implement a final hearing officer's decision as it relates to the funding of

        tuition, including transportation, to the Katherine Thomas School.  To date, SAIL has

        made no payments for tuition or transportation.  SAIL's failure is in violation of that

        administrative order, issued pursuant to 20 §U.S.C. 1400 et seq., and in violation of 42

        U.S.C. §1983.  In addition, SAIL failed to motion this Court for a stay of that order and

        instead, for the nearly five months since the issuance of the order, simply ignored the

        order.

<u>COUNT V</u>

68.     Defendant Hawkins repeats and realleges paragraphs 38 through 59.

69.     SAIL failed to implement a final hearing officer's decision in violation of that

        administrative order, issued pursuant to 20 U.S.C. §1400 et seq., and in violation of 42

        U.S.C. §1983.  As a result, SAIL is responsible for attorneys' fees and costs pursuant to

42 U.S.C. §1983 and §1988 incurred by the parent as a result of that non-implementation. Those fees and costs include all work performed to try to secure compliance with all provisions of the Order and work performed to preserve the ordered school placement at the Katherine Thomas School.  Because of SAIL's failure to pay the ordered tuition to Katherine Thomas, the school decided to discharge the student by a certain date.  That imminent threat of discharge required a significant amount of legal work in order to preserve the student's ordered placement.  That work was a direct result of SAIL's non-compliance with the hearing officer's decision and of SAIL's failure to motion this Court for a Motion to Stay that hearing officer's decision.

## COUNT VI

70.    Defendant Hawkins repeats and realleges paragraphs 38 through 59.

71.    Defendant Hawkins was the prevailing party in the due process hearing against SAIL and is therefore entitled to reasonable attorneys' fees and costs under the IDEA.  Because SAIL is a public charter school, those attorneys' fees are not subject to the fee cap imposed by the District of Columbia Appropriations Act because that cap applies only to special education suits brought against the District of Columbia Public Schools.  An invoice for work completed at the administrative level was properly submitted to SAIL and is due with interest.

**WHEREFORE**, Defendant Hawkins respectfully requests this Court to:

1.  Issue a judgment for Defendant Hawkins and against the Plaintiff on all aforementioned counterclaim counts.

2.  Order Plaintiff SAIL to immediately implement all provisions of the September 19,

2006 hearing officer's decision.

3.  Order payment of the attorneys' fees invoice submitted to SAIL with interest due to Defendant Hawkins as the prevailing party in an IDEA action arising from the Hearing Officer's Decision issued September 19, 2006.

4.  Order reasonable attorneys' fees and costs pursuant to §1983 and §1988 based on the non-implementation of the final administrative order, issued on September 19, 2006, outlined above.

5.  Order reasonable attorneys' fees and costs under the IDEA for defending the current claim.

6.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Donna L. Wulkan
Donna L. Wulkan
D.C. Bar No. 370961
1765 N Street, N.W.
Carriage House
Washington, D.C.  20036
202-682-3909
202-955-1015 (facsimile)
Attorney for Defendant Hawkins and D.H.

Copies electronically served on parties.

February 2, 2007

09/19/2006  12:54   2025183666           ATTY BUTLER TRUES.           PAGE  82

# District of Columbia Public Schools

## Office of Management Services

Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| DOMINIQUE HAWKINS, STUDENT ) | |
| ) | |
| Date of Birth: August 28, 1992 ) | |
| ) | |
| Petitioner, ) | Hearing Date: August 30, 2006 |
| ) | |
| v. ) | |
| ) | |
| ) | |
| ) | Request for Hearing: June 26, 2006 |
| THE SCHOOL FOR ARTS IN ) | |
| LEARING PUBLIC(hereinafter SAIL) ) | |
| PUBLIC CHARTER SCHOOL ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| ) | |
| ) | |
| ) | |
| ) | |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Michelle Hawkins, Mother |
| | 3001 20th Street, NE |
| | Washington, DC 20018 |
| | |
| **Counsel for Petitioner:** | Donna L. Wulkan, Esquire |
| | 1765 N Street, NW |
| | Washington, D.C. 20036 |
| | (202) 682-3909; Fax: (202) 955-1015 |
| | |
| **Counsel for Respondent:** | Paul Dalton, Esquire |
| | 1008 Pendleton Street |
| | Alexandria, VA 22314 |

*In the Matter of D.H.*

An index of names is attached hereto for the benefit of the parties.  The index will permit the parties to identify specific witnesses and other relevant persons.  The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| | |
|---|---|
| Child | Dominique Hawkins |
| Child's Parent(s) (specific relationship) | Michelle Hawkins, Mother |
| Child/Parent's Representative | Donna L. Wulkan, Esquire |
| | Gina Beck, Esquire |
| School's Representative | Paul Dalton, Esquire |
| DCPS Representative | Quinne Harris Lindsey |
| Coordinator | Katherine Thomas School |
| Special Education Coordinator | Jenna Umansky |
| Pediatric Neuropsychology | Dr. Joette James |
| | |
| | |
| | |

09/19/2006  12:54    202518           ATTY BUTLER TRUES                    PAGE  04

*In the Matter of D.H.*

## Jurisdiction

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 1997 (I.D.E.I.A.)*, 20 U.S.C.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

## Introduction

Petitioner is a fourteen year old student attending SAIL Public Charter School. On June 23, 2006, Petitioner submitted a hearing request alleging that SAIL Public Charter School failed to:

1. develop an appropriate IEP including but not limited to developing appropriate goals and an appropriate disability classification;
2. issue an appropriate notice of placement;
3. provide for and deliver appropriate instructional and related services;
4. evaluate the Petitioner in all areas of suspected disability;
5. ensure Petitioner makes adequate progress in his academic program; and,
6. provide appropriate special education instruction and therefore provide an appropriate placement.

A hearing was convened on August 30 2006 at 9:00 am at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. Petitioner submitted disclosures labeled P1-P17 and SAIL Public Charter school sought to admit SAIL01-SAIL-02 these disclosures were returned to the Respondent pursuant to a motion for exclusion by Petitioner due to the fact that the disclosures were received by Petitioner outside of the five day disclosure rule. Respondent argued that the documents included in the disclosure were already in Petitioner's possession and that the disclosures were untimely because Respondent initially believed that the hearing was scheduled for August 31, 2006.

The second preliminary issue argued in this case related to pre-hearing motions submitted by the Respondent. The initial pre-hearing motion argued that the matter should be dismissed since DCPS was not named as a respondent. DCPS submitted a motion in opposition. Chief Hearing Officer Smith ruled on this motion and it was denied on July 13, 2006. Chief Hearing Officer Smith determined that,

> The allegations in the Complaint concerning a denial of FAPE
> are against SAIL. Furthermore, the Complaint does not state
> facts alleging that DCPS has denied the student FAPE,

3

09/19/2006  12:54   2025183'                    ATTY BUTLER TRUESP*'.                    PAGE  05

*In the Matter of D.H.*

notwithstanding the parents requested remedy of a placement.
Additionally, based on the allegations in the Complaint, SAIL,
as its own LEA, may be able to provide the relief requested
should it be determined that there was a denial of FAPE.
Accordingly, Respondent SAIL's "Motion to Dismiss or in the
Alternative Motion to Join in a Necessary Party," is Denied.
DCPS' "Motion to Dismiss" concerning it being a party is
Granted. See Order dated July 13, 2007 [should be 2006].

Respondent reentered its Motion to Join a Necessary Party as a preliminary matter
arguing that now that DCPS participated in a placement meeting and issued a prior notice
of Placement to Prospect, DCPS is a necessary party. Respondent further argued that
SAIL can not issue a placement outside of its jurisdiction and that the ruling of Chief
Hearing Officer Smith is no longer relevant. Respondent was unable to identify any
binding statutory authority or case law which supported the argument that DCPS
"participation" in a "placement meeting" constituted: (1) an effective prior notice of
placement; prior notice to DCPS as the SEA that it was unable to meet the Petitioner's
educational needs; and, or an effective joiner of DCPS as a party to the complaint. For
these reasons Respondent's second preliminary motion was overruled.

Counsel for Respondent chose to depart prior to the adjournment of the hearing.
The Special Education Coordinator of SAIL Public Charter School departed with her
counsel prior to the adjournment of the hearing.

Prior to the adjournment of the hearing but after the departure of Respondent's
counsel this hearing officer agreed to leave the record open for Petitioner to submit the
following documents in lieu of a formal closing argument and to supplement the informal
closing rendered:
    1. copies of U.S. District Court cases regarding charter schools,
    2. a proposed compensatory education plan; and,
    3. a copy of Section 319 of the DCMR.
Petitioner also included a summary chart of the U.S. District Court cases which was not
used in this hearing officer's determination.

The hearing officer also received Plaintiff's Opposition to Defendant's September
1, 2006 filing of a *Praecipe* and a copy of an amicus brief filed in the Blackman-Jones
Class Action Suit. Petitioner argues that Respondent voluntarily waived his right to
conduct a closing argument when counsel departed prior to the adjournment of the
hearing. The hearing officer agrees that the Respondent specifically waived his right to a
verbal closing argument prior to exiting the hearing before adjournment. However, there
was no conversation in Respondent's presence regarding the consideration of written
closing arguments. Without such clarity to Respondent, this hearing officer would

consider the post hearing motion as a matter of equity since post hearing submissions were permitted for the Petitioner.

4

*In the Matter of D.H.*

However, since Respondent's disclosures were excluded from the record, pursuant to the five day disclosure rule, this hearing officer has no record of Respondent's answer to Petitioner's complaint. Any assertions in the *Praecipe* would have to have been consistent with Respondent's answer to which the hearing officer has no access. A new or additional legal argument not be pleaded in the answer could severely prejudice Petitioner's case and compromise Petitioner's ability to adequately represent her client. The hearing officer's inability to isolate issues or defenses in the *Praecipe* which the Petitioner would not have had notice to requires that the assertions of the *Praecipe* be given very limited weight.

The hearing officer also notes and that the Respondent's *Praecipe* and Blackman Amicus Brief were not received by the hearing officer prior to September 18, 2006. This hearing was alerted to its existence by the Petitioner's Opposition filed on September 11, 2006. The hearing officer called Counsel for Respondent and requested that the documents be resent to her home facsimile on September 19, 2006.

**Witness for SAIL Public Charter School**
Jenna Umansky, Special Education Coordinator, SAIL Public Charter School

**Witnesses for Petitioner**
Michelle Hawkins, Mother
Dr. Joette James, Pediatric Neuropsychologist Fellow, Children's National Medical Center
Debbie Louri, Admissions Coordinator, Katherine Thomas School

**Findings of Fact**

1. Petitioner is a fourteen year old attending SAIL Public Charter School.[1]

2. Petitioner attended SAIL Public Charter School for seven years. He began attendance in April of his first grade year and continued to March of his 7th grade year.

3. Petitioner was retained in the 6th grade and spent approximately 8 years at SAIL Public Charter School.

4. Petitioner's IEPs from March 15, 2006 and March 15, 2005 provides for 100% out of full time special education. See P-12 and P-13

---

[1] *Request* at 1.

5

*In the Matter of D.H.*

5. Petitioner attended Friendship Edison Public Charter School prior to enrollment in SAIL and has never attended a DC Public School.

6. A March 27, 2006 Neuropsychological Evaluation performed by Dr. Joette James determined that Petitioner is functioning two to five grade levels behind his grade level. See P-6, page 5

7. The same evaluation recommended, amongst other things, that Petitioner be placed in a highly structured classroom with a low student teacher ratio and that Petitioner requires intensive reading instruction. See P-6, page 7

8. During the hearing Dr. Joette James credibly testified that Petitioner evaluation revealed that he is testing more in the Mental Retardation range although his classification is Mentally Delayed, SLI and SLD. She further opined that his performance was quite a bit lower than what would be expected since he allegedly was receiving special education services.

9. Dr. Joette James stated that a placement where the student classification is predominantly ED would be detrimental to the Petitioner.

10.    Debbie Lourie, the Admissions Coordinator for the Katherine Thomas School stated that after a review of Petitioner's records, admission was offered. She concluded that educational benefit could be afforded consistent with the recommendations of his evaluations and existing IEPs.

11.    Petitioner's mother, Michelle Hawkins credibly testified that she has never received a prior notice of placement from DCPS with respect to placement for the Petitioner.

12.    Ms. Hawkins further credibly testified that all of Petitioner's IEPs from the second grade forward required the same level of services.

13.    Ms. Hawkins testified that prior to March of 2006 when she had a discussion with Petitioner's Speech and Language Pathologist, and his English teacher, no one at SAIL ever said they could not serve the Petitioner. She further elaborated that prior to that conversation, it was her understanding that SAIL personnel believed that Petitioner should continue his enrollment at SAIL. She further explained that although Ms. Umansky thought that Petitioner should be looking for another placement that she never said that SAIL was an inappropriate placement. While this testimony appears less credibly, Respondent did not provide any evidence or testimony which directly contradicted Ms. Hawkins' testimony since Ms. Umansky testified on cross examination that she did not discuss the appropriateness of SAIL for the Petitioner with Ms. Hawkins.

6

*In the Matter of D.H.*

14.    Ms. Hawkins credibly testified that when she attended the July 14, 2006 Resolution Meeting she had not been alerted or notified that there would be a placement meeting.  Nor did she expect that anyone other than SAIL personnel and her attorney would meet with her.

15.    Ms. Hawkins credibly testified that she did not receive a procedural safeguards manual at the July 14, 2006 meeting and that there was no notice of placement given to her at that same meeting.

16.    Dr. Peagler, a DCPS Placement Specialist participated in a conversation regarding placement with Petitioner and Respondent at the July 14, 2006 Resolution Meeting.

17.    No evidence was presented indicating that SAIL Public Charter School notified DCPS that it could not serve the Petitioner's needs.

18.    SAIL Public Charter School acknowledged that it could not provide educational benefit when is sought the participation of DCPS at the July 14, 2006 Resolution Meeting by unilaterally inviting Dr. Peagler to participate in the Resolution Meeting.

19.    Petitioner's    recommended    Compensatory    Education    Plan    is comprehensive and addresses needs identified by related evaluations.

**Conclusions of Law**

1. SAIL Public Charter School denied Petitioner free appropriate public education by failing to:
   a.    ensure that Petitioner made progress in his academic program;
   b.    ensure the issuance of an appropriate notice of placement; or,
   c.    initiate SEA participation when it was determined that the Petitioner could not derive educational benefit from the placement at SAIL.

2. Insufficient evidence was submitted to support a finding fact that Respondent did not provide for and deliver appropriate instructional and related services pursuant to the IEP since no witnesses testified with respect to compliance with the Petitioner's IEPs.

3. The Respondent's attempt to involve DCPS in the placement process after the filing of the complaint and during the Resolution Session for the Petitioner was ineffectual and a violation of Petitioner's due process rights since the agenda of the

7

*In the Matter of D.H.*

Resolution Session was altered by the unilateral invitation of a DCPS placement specialist by Respondent on the day of the Resolution meeting.

4. Respondent's assertions that no Order can be issued against SAIL Public Charter School with respect to placement since the SAIL allegedly no authority to place student outside its jurisdiction is of little relevance. Respondent failed to present any relevant case law or statute in support of this contention. In opposite of this contention, The District of Columbia Municipal Regulations Section 5-3019 states in relevant part:

> **3019.2- LEA charters shall be responsible for ensuring that the requirements of Part B of the Act, including documentation of required policies and procedures, are met in** regard to children enrolled in their schools...
> **3019.3- ...LEA Charters are responsible for special education...** placements for children enrolled in their facilities.
>
> **3019.8- LEA ... are [is] responsible for providing all necessary related services to children with disabilities enrolled in their facilities, consistent with these children's IEPs**
>
> **3019.9 – When an LEA Charter concludes that it cannot serve a child with a disability enrolled in its facility using the funds available to it, it shall appeal to DCPS, in its role as designee for the State Education Agency (SEA) for assistance.**
>
> **3019.11- If, following an appeal or notification... DCPS agrees that a charter school can not serve the child in question, DCPS will assume responsibility for the child....**
>
> **3019.12-** DCPS, in its role as the SEA, will arrange for and fund special education mediation and due process hearings involving charter schools if asked to do so by the charter school.
>
> **3019.13- ....LEA Charters shall provide their own** representation at, and **be responsible for implementation of all agreements or decisions resulting from,** mediation and due **process hearings involving children enrolled in their school,** unless implementation of the agreement or decision is the responsibility of DCPS as a result of any actions or inactions of

8

*In the Matter of D.H.*

DCPS while a child had been enrolled at an LEA Charter school
or pursuant to federal or local law or regulation.

[Emphasis Added]

Given the broad discretion given to the LEA and the scope of responsibilities
delegated to the LEA pursuant to the above DCMR sections it is arguable that  when a
LEA has  defaulted on its obligations under the Act and the DCMR,  a private school
placement is "proper under the Act" if the education provided by the private school is
"reasonably calculated to enable the child to receive educational benefits."[2] "[O]nce a
court holds that the LEA placement violated IDEA, it is authorized to 'grant such relief as
the court determines is appropriate.' '...[E]quitable considerations are relevant in
fashioning relief'... and the court enjoys 'broad discretion' in so doing."[3]

If the LEA is acting as an agent of the SEA and has failed to alert the SEA prior to
the filing of the due process hearing complaint that its ability to meet its obligations to the
student/Petitioner and the SEA are compromised, then there has been no shift in the
burden of the LEA to the SEA.

There is nothing in the related DCMR sections which indicates that Petitioner's
withdrawal in March of 2006, approximately eight months into the school year and LEA
funding cycle, would abate its responsibility  for relief to a Petitioner who has suffered
educational harm.  There is nothing in the relevant DCMR sections which suggest that
the LEA's alleged inability to issue a notice of placement would preclude the LEA from
financial responsibility from any resulting placement award.   Moreover, Petitioner's
resulting unilateral placement of Petitioner at the Katherine Thomas School for the

---

[2] *Florence County School District Four v. Carter*, 510 U.S. 7, 11 (1993).
[3] *Id.*, 510 U.S. at 15-16.

9

remainder of the 2005-2006 school year is less than relevant given that Petitioner did not seek reimbursement in the instant hearing complaint for Petitioner's enrollment from March 2006 to June 2006. The complaint does not ask for retroactive placement. The Petitioner seeks as relief placement for the denial of FAPE within the statute of limitations and the Petitioner's disclosures contain IEPs in question for the previous two school years.

    5. Petitioner is the prevailing party in this proceeding.

## ORDER

    Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the August 30, 2006 hearing, and the representations of the parties' counsel at the hearing, this 18th day of September 2006, it is hereby

    **ORDERED,** that Respondent, SAIL Public Charter School fund Petitioner at The Katherine Thomas School including transportation for the 2006-2007 and the 2006-2007 school years.

    **IT IS FURTHER ORDERED,** that within forty-five days of Petitioner's enrollment an IEP meeting shall be convened at the Katherine Thomas School to review and revise the Petitioner's IEP as need the team shall also discuss any issues related to the implementation of the compensatory education award enumerated below.

    **IT IS FURTHER ORDERED,** Respondent shall fund forty-six hours of after school tutoring for reading at the Katherine Thomas School.

    **IT IS FURTHER ORDERED,** Respondent shall fund twenty-three hours of after school tutoring in study skills and organization at the Katherine Thomas School.

    **IT IS FURTHER ORDERED,** Respondent shall fund the following software within thirty calendar days of Petitioner's enrollment.
        Kurzweil 3000 Learn Station
        Inspiration or CoWriter or Write Out Loud

    **IT IS FURTHER ORDERED,** that Respondent shall reimburse Petitioner for all reasonable attorneys fees consistent with any currently existing SEA attorney cost and fee guidelines and policy with respect to hourly rates.

*In the Matter of D.H.*

**IT IS FURTHER ORDERED,** that if Respondent fails to fund the following software within thirty days of Petitioner's enrollment, Petitioner may forward invoices for reimbursement directly to the Respondent and the Petitioner is to be reimbursed for the two software products within ten business days of submittal to Respondent.

**IT IS FURTHER ORDERED,** that no later than May 11, 2006 a MDT/IEP meeting shall be convened at the Katherine Thomas School. The team shall discuss and determine if ESY services are warranted. If the team determines that Petitioner demonstrates regression during breaks and ESY is required to retain emerging and progressing skills, the Respondent shall fund ESY services for the Petitioner for the Summer of 2007 since the record contains no evidence of ESY services rendered for 2006 pursuant to Petitioner's March 15, 2006 IEP meeting.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within ninety (90) days of this Order's issue date.**

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date:   September 19, 2006 *

✱ Record held open for receipt of post hearing submissions until September 16, 2006. On September 11, 2006, the hearing officer received an additional post hearing motion (Plaintiff's Opposition to Defendant's September 1, 2006 Filing) from Petitioner requiring further consideration and affording response time to Respondent.

Issued:    9/19/06

Copies to:

Donna L. Wulkan, Esquire

11

*In the Matter of D.H.*

1765 N Street, NW
Washington, D.C. 20036
(202) 682-3909; Fax: (202) 955-1015

Paul Dalton, Esquire
1008 Pendleton Street
Alexandria, VA 22314

Quinne Harris-Lindsey, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002