UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SCHOOL FOR ARTS : <br> IN LEARNING ("SAIL") : <br> PUBLIC CHARTER SCHOOL : <br>   : <br>   Plaintiff : <br>   : <br>   v.   : <br>   : <br> MICHELLE HAWKINS, et al.  : <br>   : <br>   Defendants. : <br> _____ : | Civil Action No. 06-1821 (TFH) |

**PLAINTIFF'S REPLY TO DEFENDANT HAWKINS' OPPOSITION TO PLAINTIFF'S
MOTION FOR EXTENSION OF THE BRIEFING SCHEDULE**

COMES NOW, the Plaintiff, by and through counsel, and, pursuant to LCvR 7(d), hereby replies to the Defendant Hawkins' Opposition to the Plaintiff's Motion for Extension of the Briefing Schedule.

As stated in the Plaintiff's Motion, the parties did not file a Rule 16.3 Report. Rather, the Court issued an Order on April 20, 2007 outlining the briefing schedule and requiring the parties to file the administrative record on or before June 6, 2007. The Order did not specify which party was to file the administrative record. When the Plaintiff realized that the administrative record had not been filed, and not even received from the DCPS Student Hearing Office ("SHO"), the Plaintiff requested the instant extension.

The counsel for Plaintiff is currently involved in at least three other cases pending in this Court in which the SHO has not timely provided the administrative record to the parties, and thus the briefing schedule has been pushed back. In these cases, the parties have sought the Court's guidance on how to expedite the process of obtaining the administrative records. Unfortunately,

to date, there has been no success with these efforts, and these cases remain in a holding pattern pending the receipt of the administrative records.

The Plaintiff in no way wishes to prolong or drag out this litigation. However, it cannot file a summary judgement motion and properly cite to an administrative record which has not yet been produced. The Defendant Hawkins argues that the Plaintiff is in possession of what would essentially make up the administrative record, and thus the Plaintiff could use that ad hoc administrative record for purposes of the briefs. The Plaintiff, however, does not believe that this is the appropriate procedure as it would be impossible for all parties to know to what portion of the ad hoc administrative record the Plaintiff would be citing. This would undoubtedly create confusion and inconsistent references in the briefs, which would in turn put more of a burden on this Court in deciphering the citations.

The Plaintiff contends that without a proper administrative record being available, all parties are unable to properly draft and file Motions and Oppositions. Thus, the Plaintiff is requesting an extension of the briefing schedule. The Defendant District of Columbia does not oppose this extension and in fact is investigating whether he can get the administrative record from the SHO quickly. The Defendant Hawkins, in her Opposition, cites to no reason, other than the allegation that this Motion is untimely, as to why the Court should not grant the extension. The Defendant Hawkins cites no prejudice that would occur if the briefing schedule is extended. In fact, Defendant Hawkins will not be prejudiced by the extension since, upon information and belief, the student is currently attending the Katherine Thomas School at public expense.

For the reasons stated above, the Plaintiff respectfully requests that this honorable Court grant its Motion for Extension of the Briefing Schedule.

Respectfully Submitted,

/s/
Paul S. Dalton [439118]
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)
Counsel for Plaintiff

.

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 15th day of June, 2007.


/s/
Paul S. Dalton, Esq.
Counsel for Plaintiff