UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCHOOL FOR ARTS IN LEARNING ("SAIL") PUBLIC CHARTER SCHOOL,<br><br>    **Plaintiff,**<br><br>    v.<br><br>MICHELLE HAWKINS<br>as next friend of the minor child, D.H.,<br><br>D.H., individually,<br><br>    and<br><br>THE DISTRICT OF COLUMBIA,<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   **Civil No. 06-1821 (TFH)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

On April 20, 2007, the Court set the schedule for dispositive motions, beginning with the Plaintiff's summary judgment motion, due on June 6, 2007. [dkt. #9]. The Court also ordered that "the parties file the administrative record in this case on or before June 6, 2007. *Id.* Neither the Plaintiff's summary judgment motion nor the administrative record were filed by the June 6 deadline.

On June 7, 2007, Plaintiff moved the Court to extend the briefing schedule. *See* Plaintiff's Motion for Extension ("Pl.'s Mot. Extension") [dkt. #10]. Plaintiff asserts that "[s]ince the parties were unable to file the entire administrative record prior to June 6, 2007, the Plaintiff was unable to prepare and timely file its Motion for Summary Judgment." Pl.'s Mot. Extension at 2.

Defendant Hawkins opposes Plaintiff's motion [dkt. #11]; Defendant District of Columbia does not.[1]

Where, as here, a party moves for an enlargement of time after the expiration of the specified date, the Court may "permit the act to be done where the failure to act was the result of excusable neglect[.]" Fed. R. Civ. P. 6(b)(2).  Several factors inform a finding of "excusable neglect," such as the "danger of prejudice to the other party[,] . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Smith v. District of Columbia*, 430 F.3d 450, 457 (D.C. Cir. 2005) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

As for the reason for the delay, the Court is concerned that Plaintiff did not notice that it had not received the administrative record until after the deadline for its summary judgment motion had passed.  *See* Pl's Mot. Extension at 1, Pl.'s Reply at 1.[2]  Nevertheless, Defendant Hawkins does not argue she will be prejudiced by the delay, nor does the Court find any danger of prejudice.  It is therefore

**ORDERED** that Plaintiff's motion for an extension is **GRANTED**.  It is further

**ORDERED** that the District of Columbia shall file the administrative record within 30

---

[1] The Court notes the District of Columbia's shared failure to comply with the Court's order to file the administrative record by June 6, 2007.  More than two weeks since that due date, the District of Columbia has neither filed the administrative record nor explained its failure to do so. Such disregard for the Court's Order is unacceptable.

[2] The Court is also unsure as to whether the lack of the administrative record is the sole reason for Plaintiff's extension request, in light of the voicemail message regarding the instant motion that Plaintiff's counsel left for Ms. Hawkins' counsel on June 7, 2007, "stating that Mr. Dalton was ill and that his office's 'tickler' system had not worked properly." Def. Hawkins' Opp. at 1 n.1. Plaintiff's Reply does not address the substance of this voicemail.

2

days of this Order.  It is further

**ORDERED**  that the parties shall submit dispositive motions in accordance with the following briefing schedule:

- **Plaintiff's Summary Judgment Motion:** 30 days after the administrative record is filed.

- **Defendants' Oppositions and Cross-Motions:** 30 days after Plaintiff's Summary Judgment motion is filed.

- **Plaintiff's Opposition and Reply:** 15 days after Defendants' Oppositions and Cross-Motions are filed.

- **Defendants' Replies:** 15 days after Plaintiff's Opposition and Reply is filed.

**SO ORDERED**.

June 25, 2007                                             /s/
                                              Thomas F. Hogan
                                              Chief Judge