UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE SCHOOL FOR ARTS IN LEARNING ("SAIL") PUBLIC CHARTER SCHOOL | : : : : | |
| Plaintiff | : : | |
| v. | : : | Civil Action No. 06-1821 (TFH) |
| MICHELLE HAWKINS, et al. | : : | |
| Defendants | : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

COMES NOW, the Plaintiff, by and through undersigned counsel, and respectfully moves this Court to deny Defendant's Motion for Summary Judgment and grant Plaintiff's Motion for Summary Judgment.  Pursuant to this Court's Order of July 25, 2007, Plaintiff files its Reply and Opposition to Defendant's Motion for Summary Judgment and its Opposition to Plaintiff's Motion for Summary Judgment.  In support of this Reply and Opposition, the Plaintiff submits its Memorandum of Points and Authorities in Support of its Reply and Opposition and a proposed Order.

Dated: October 9, 2007

    Respectfully submitted,
    _____/s/_____
    Paul S. Dalton, Esq
    D.C. Bar No. 439118
    Dalton & Dalton, P.C.
    1008 Pendleton Street
    Alexandria, Virginia 22314
    (703) 739-4300 (ph)
    (703) 739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SCHOOL FOR ARTS : | |
| IN LEARNING ("SAIL") : | |
| PUBLIC CHARTER SCHOOL : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | Civil Action No. 06-1821 (TFH) |
| : | |
| MICHELLE HAWKINS, et al. : | |
| : | |
| Defendants : | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

COMES NOW, the Plaintiff, by and through undersigned counsel, and replies to Defendant's Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment, as follows.

I.   **THIS COURT SHOULD GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REVERSE THE HEARING OFFICER'S DETERMINATION.**

The Defendant in her Motion for Summary Judgment at page 12 admits that there are no material facts which are in genuine dispute in this appeal. However, later in the same paragraph she states that Plaintiff's "Statement of Material Facts" contains legal arguments. Yet Defendant does not dispute the truth of any of these so called legal arguments. Moreover, at page 16 of the same Motion, Counsel again points to examples she feels are irrelevant but does not dispute the truth of said statements. With regard to Defendant's assertion that Plaintiff's Motion for

2

Summary Judgment fails to meet the appropriate standard for overturning an HOD under IDEIA, several cases are cited but no logical conclusions are reached from the cases cited. For example, Counsel for the Defendant states that the Hearing Officer made several of her findings based on the credibility of witnesses at the Due Process Hearing. However, Counsel omits the fact that the Hearing Officer excluded the Plaintiff's witnesses and documents based on a technical violation of the disclosure rule, notwithstanding a total lack of prejudice to the Defendant had the excluded witnesses and documents been admitted.

No where in Defendant's Motion or their Opposition to Plaintiff's Motion for Summary Judgment does the Defendant raise any issue of being prejudiced if the Plaintiff's documents been admitted and its witnesses had testified. Nor does the Defendant dispute Plaintiff's contentions that the Defendant was already in possession of all of the documents disclosed by Plaintiff but not admitted by the Hearing Officer.

    1.    **THE HEARING OFFICER ERRED IN EXCLUDING SAIL'S FIVE DAY DISCLOSURE.**

According to 34 C.F.R. § 300.512(a)(3), any party to an administrative hearing conducted pursuant to IDEIA has the right to "prohibit the introduction of any evidence at the hearing that has not been disclosed to the party at least five business days before the hearing". The purpose of this provision is to protect the parties from being prejudiced at the hearing. The Court noted in *Sarah Pachl, a minor, by her parents, Kevin and Suzanne Pachl v. School Board of Independent School District No. 11*, the intent of the procedural requirements regarding the five day disclosure requirement is to avoid surprise by either party. 2005 U.S. Dist. LEXIS 2758 *54. In accordance with this intent, the hearing officer has the discretion to exclude evidence under the five day rule.

The Court in that case refused to admit the testimony of witnesses disclosed after the five day deadline, and distinguished it from another case in which the hearing officer admitted documentary evidence submitted after the deadline because the evidence had previously been disclosed to the other party.  *See Pachl*, 2005 U.S. Dist. LEXIS 2758 *53 (distinguishing facts from *Erdma* MDCFL Case No. 431-2.

     In the instant case, the only disclosures Plaintiff sought to have admitted at the Due Process Hearing included four witnesses and two documents.  The four witnesses consisted of the Special Education Coordinator at SAIL, the Principal of SAIL, the Speech-Language Pathologist at SAIL, and the parent.  All of these witnesses had been involved in the case since the outset and had participated in meetings regarding the student.  The two documents SAIL sought to have admitted consisted of its Motion to Join a Necessary Party and the Resolution Meeting Notes from the July 14, 2006 meeting.  The Motion to Join a Necessary Party was filed with the Chief Hearing Officer on August 1, 2006, with copies being provided to Ms. Donna Wulkan, counsel for the parent, as well as Ms. Quinne Harris-Lindsey, counsel for DCPS.  Having been timely filed prior to the hearing date, the motion should have become a part of the record for the case.  Furthermore, since the parent and her counsel, and a DCPS representative participated in the July 14, 2006 Resolution Meeting, and had a copy of the notes, the parent would not have been prejudiced by the admittance of the Meeting Notes.

     The Hearing Officer has the discretion to admit evidence closer than five days prior to the hearing.  In this case, counsel for SAIL explained at the hearing that his office had the hearing on the calendar for August 31, 2006, and therefore he submitted his disclosures five business days prior to that date.  While this was an administrative error, it amounted to a mere technical

violation.  Parent's counsel never addressed how she would be prejudiced by the disclosures.  The Hearing Officer, after explaining that she has a very liberal evidentiary rule practice in order to admit as much information as possible, barred SAIL's disclosures simply because she "[did] not think that [she had] that much discretion with respect to the five day disclosure rule".  Tr. at 14.  As discussed above, Courts have already held that the Hearing Officer does, in fact, have the discretion to admit evidence disclosed after the five day deadline where it would not cause a surprise to either party.  Therefore, the Hearing Officer erred in failing to admit SAIL's disclosures because they would not have caused a surprise, nor would they have prejudiced, the parent.

2. **PLAINTIFF DID NOT WAIVE ITS OBJECTIONS TO THE HEARING OFFICER'S DECISION TO EXCLUDE ITS FIVE DAY DISCLOSURE.**

Counsel for the Defendant asserts Plaintiff waived its objections to the Hearing Officer's ruling excluding the Plaintiff's Five Day Disclosure. However, Defendant's Counsel noted that the oral argument regarding the Hearing Officer's exclusion of Plaintiff's Five Day Disclosure lasted two (2) hours.  To now suggest that after two hours of arguing against the possibility of Plaintiff's Five Day Disclosure being excluded it was waived ; is absurd and lacks any credibility.

3. **THE HEARING OFFICER DID NOT PERMIT PLAINTIFF TO PRESENT ALL WITNESSES IT ATTEMPTED TO CALL.**

The only accurate point of contention made by Counsel for the Defendant is that the Hearing Officer did not permit Counsel for SAIL to introduce through any witness, evidence

regarding the August 8th MDT meeting. See Defendant's Motion at 20. This meeting was central to Plaintiff's case because during this meeting Dr. Peggy Peagler of DCPS proposed Prospect Learning Center as a placement for the student. Moreover, the Defendant objected to DCPS' placement recommendation. The meeting both established that jurisdiction over the issue of placement had been accepted by not only DCPS, by its placement recommendation of Prospect; but also by Defendant, by its objection to the proposed placement at Prospect made by DCPS.

    4.    **THE HEARING OFFICER ERRED IN DENYING PLAINTIFF'S MOTION TO JOIN DCPS AS A NECESSARY PARTY.**

Because of D.C.'s unique government structure, defendant, the District of Columbia Public Schools (DCPS) is both an LEA and the SEA. D.C. Code §382907(b). SAIL, as an independent LEA, does not have the jurisdiction to place students outside of its own LEA. Only DCPS, as the SEA, can place students in an alternative LEA. As argued at the hearing, 5 D.C. Mun. Regs. Section 3019.11 states:

> "If, following the appeal or notification described in Section 3019.9 and Section 3019.10 above, DCPS, as the LEA (or SEA, if applicable), agrees that a charter school cannot serve the child in question, DCPS will assume responsibility for the child and the charter school will remit to DCPS the child's entire per-pupil allotment, prorated for the time spent in the charter school during the school year."

Thus, once DCPS, accepted that SAIL could not serve this student, it assumed responsibility for placement. DCPS manifested this assumption of responsibility when during the August 8th MDT Meeting, (well before the start of the Due Process Hearing of August 30th) it offered Prospect as an educational placement for the student. Thus, it was error for the Hearing Officer to fail to grant Plaintiff's Motion to Join DCPS so as to require DCPS to defend its

6

placement or in the alternative counsel's motion for a directed finding on this issue should have been granted. See AR at 725.

Counsel for the Defendant's asserts that this Court should not consider any events subsequent to the filing of her due process complaint on June 23, 2006. The problem with this position is that Pursuant to IDEIA 2004, the parties are required to participate in a resolution session before proceeding to a due process hearing. *See* 20 U.S.C. § 1415(f)(1)(B). According to 34 C.F.R. § 300.510(a)(2), the purpose of the resolution meeting is for "the parent of the child to discuss the due process complaint, and the facts that form the basis of the due process complaint, so that the LEA has the opportunity to resolve the dispute that is the basis for the due process complaint." This requirement clearly displays the intent of Congress to allow the LEA an opportunity to resolve disputes before proceeding to a hearing.

Recognizing that placement was a key issue in the parent's complaint, SAIL acted in conformance with the law by inviting DCPS to participate in the resolution meeting on July 14, 2006. SAIL would not have been able to resolve the complaint without the participation of DCPS, because DCPS alone has jurisdiction to place the student outside of SAIL. DCPS accepted the invitation to the resolution meeting, and therefore was placed on notice that the student was in need of a placement. SAIL subsequently submitted all pertinent materials to DCPS. At the August 8, 2006 meeting, DCPS, through their placement specialist, Dr. Peagler, indicated that it would issue a Notice of Placement to Prospect Learning Center.

Once DCPS accepted that SAIL could not serve the student, it assumed responsibility for placement, and offered Prospect. Since placement was the central issue in this case, DCPS was a

necessary party to the proceedings. The Hearing Officer, therefore, erred in denying SAIL's motion to Join DCPS as a Necessary Party.

This point becomes even more potent when the facts and circumstances subsequent to the Due Process Hearing are reviewed. Even subsequent to the Due Process Hearing, DCPS did not defend its placement recommendation of Prospect; but instead agreed to fund the student with transportation at the private school of Katherine Thomas in Rockville, Maryland, as requested by the Defendants. See Defendant's MSJ at 14.

### 5. **The Hearing Officer Erred in Awarding Compensatory Education Contrary to the Reid Standard.**

Compensatory education is an appropriate remedy for certain violations of the IDEIA. "Under the theory of 'compensatory education,' courts and hearing officers may award 'educational services . . . to be provided prospectively to compensate for a past deficient program.'" *Reid v. District of Columbia,* 401 F.3d 516, 522 (D.C. Cir. 2005) (citing *G. ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 308 (4th Cir. 2003)). Compensatory education, however, is an equitable remedy, not one of contractual obligation. See *Id.* at 523.

Pursuant to *Reid*, "[i]n every case . . . the inquiry must be fact-specific and, to accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." 401 F.3d at 524. Thus, an award of compensatory education must be made on a case by case basis examining where the student should be but for the violation of the school, and fashioning a specific remedy which will bring the student to that level. The District of Columbia Circuit specifically rejected an award of compensatory education based on a

day-for-day formula. "In keeping with that principle of case-specific flexibility, we agree with the Ninth Circuit that 'there is no obligation to provide a day-for-day compensation for time missed. Appropriate relief is relief designed to ensure that the student is appropriately educated within the meaning of the IDEA.'" *Id.* at 524 (citing *Parents of Student W.*, 31 F.3d at 1497).

In the instant case, the Hearing Officer erred in ordering SAIL to provide compensatory education. The hearing officer concluded that there was insufficient evidence to "support a finding fact that Respondent did not provide for and deliver appropriate instructional and related services pursuant to the IEP." See HOD, at 7. While it is undisputed that hearing officers have the authority to grant compensatory relief, there is no automatic entitlement. Rather, a fact specific analysis must be undertaken in each case. In this case, the hearing officer did not find that SAIL failed to provide appropriate services, nor did the parent prove that the student suffered any educational harm. In fact, at the hearing, parent's counsel specifically stated, "[i]f you don't think you have enough evidence, then you can deny the comp ed claim." Tr. at 393.

Additionally, the hearing officer erred in ordering SAIL to fund Kurzwell and Inspiration software in particular. The student never requested this relief, nor was it recommended by the student's evaluations. While it is true that hearing officers have broad discretion with respect to awarding relief, this order is simply not supported by the disclosures submitted by the parent.

Finally, the Hearing Officer erred in allowing petitioner to file, post hearing, a proposed compensatory education plan. Respondent had objected during the hearing that Petitioner had failed to provide any evidence required under *Reid* as to the nature of what, if any, services would be due to the student for any failure on the part of the SAIL in delivering special education

9

services. When the hearing officer asked parent's counsel if she had any witnesses regarding the mode and quantity of compensatory education the parent was seeking, parent's counsel responded that she was "going to leave the form and amount to you to determine". Tr. at 391. Under *Reid* it is the responsibility of the parent to provide the Hearing Officer evidence with regard to the specific services that would put the student in the position she would have been in but for any alleged denial of FAPE. By allowing the parent to submit her plan after the hearing, the Hearing Officer denied SAIL any ability to cross exam witnesses or to provide rebuttal evidence.

The Court in *Reid* established a clear standard for awarding compensatory education, and that standard simply was not met in the instant case. The Hearing Officer found that record did not support a finding that SAIL failed to provide for and deliver appropriate instructional and related services pursuant to the IEP. Furthermore, even if the parent had provided sufficient evidence to support a finding that SAIL failed to provide appropriate services, the parent provided absolutely no evidence at the hearing with regard to a specific remedy that would place the student in the position she should have been in. Thus, the decision of the Hearing Officer and the compensatory education award are in direct conflict with the standard set out in *Reid*.

## **CONCLUSION**

Based on the arguments above, the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendant and reverse the September 19, 2006, Hearing Officer's Decision.

Respectfully submitted,

_____/s/_____

Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 9th day of October, 2007.

_____/s/_____
Paul S. Dalton, Esq.
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SCHOOL FOR ARTS : <br> IN LEARNING ("SAIL") : <br> PUBLIC CHARTER SCHOOL : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> MICHELLE HAWKINS, et al. : <br> : <br> Defendants : | Civil Action No. 06-1821 (TFH) |

**ORDER**

The Court having considered the Motions and Cross Motions together with the Replies filed by all parties does hereby GRANT the Plaintiff's Motion for Summary Judgment and reverses the Hearing Officer's Determination of September 19, 2006.

SO ORDERED

_____
THOMAS F. HOGAN, CHIEF JUDGE
United States District Court

DATED: