UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAIL Public Charter School, | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. 06-1821 (RWR) |
| MICHELLE HAWKINS, *et. al.,* | : | |
| Defendants | : | |

### MOTION OF THE DISTRICT OF COLUMBIA FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT, AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 12 (c) and 56 and LCvR 56.1, defendant District of Columbia moves for judgment on the pleadings or, in the alternative for summary judgment, and opposes plaintiff's motion for summary judgment herein. The grounds for this motion are that plaintiff's claim against this defendant, that the hearing officer erred in failing to add the District of Columbia Public Schools as a necessary party to the administrative proceedings, is without merit. A memorandum of points and authorities adopting the arguments of co-defendant Michelle Hawkins on this issue, and a proposed order are attached.

                                          Respectfully submitted,

                                          LINDA SINGER
                                          Attorney General for the District of Columbia

                                          GEORGE C. VALENTINE
                                          Deputy Attorney General
                                          Civil Litigation Division

                                          _____/s/ Ellen_A. Efros_____
                                          ELLEN A. EFROS [#250746]
                                          Chief, Equity Section I

                                          _____/s/ Cary D. Pollak_____
                                          CARY D. POLLAK [#055400]

Senior Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6604
(202) 727-0431 (fax)
cary.pollak@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAIL Public Charter School, | : | |
| Plaintiff | : | |
| v. | : | Civil Action No.  06-1821 (RWR) |
| MICHELLE HAWKINS, *et. al.*, | : | |
| Defendants | : | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF THE DISTRICT OF COLUMBIA FOR JUDGMENT ON THE PLEADINGS
OR FOR SUMMARY JUDGMENT, AND OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

  Plaintiff brings this action claiming that a Hearing Officer Decision in this matter was improper for many reasons including one directed at against this defendant, that the District of Columbia Public Schools (DCPS) was not joined as a necessary party.  In its motion requesting an extension of time to respond to plaintiff's motion for summary judgment, this defendant explained that it and defendant Michelle Hawkins essentially are in agreement on the positions to be taken regarding the issues relevant to defendant District of Columbia in this matter, and this defendant needed time to review the filing of defendant Hawkins.  It was also noted that there was a "strong possibility" that this defendant would be agreeing to, or adopting the arguments and reasoning in the summary judgment motion of defendant Hawkins.

  The District has completed its review of defendant Hawkins' filing, and has determined that all necessary and appropriate arguments have been made regarding the plaintiff's claim against this defendant.  Accordingly, this defendant adopts and incorporates herein all such relevant material in the co-defendants' motion, memorandum, and statement of material facts as to which there is no genuine issue.

Since this defendant was not a party to the proceedings below and no complaint by the parent or decision by the hearing officer was ever entered against it, the instant motion is styled as one for judgment on the pleadings, as well as for summary judgment in the alternative.[1]

Count I of plaintiff's complaint and argument II of plaintiff's dispositive motion contend that the hearing officer erred in failing to add DCPS as a necessary party to the administrative proceedings. To briefly highlight some of the positions of the co-defendants as set out in defendant Hawkins' papers, both co-defendants opposed plaintiffs' motion at the administrative level to join DCPS. Hawkins Mem. at 4-5. The parents' complaint alleged improper conduct against only the plaintiff school, not DCPS, and the school had not timely contacted DCPS (as the State Education Association) to advise of its failure to meet the student's needs. *Id*. at 4, 5, 24.

Plaintiff unilaterally invited a DCPS representative to a statutorily required "resolution meeting," convened to address the issues raised in the parents' complaint against the plaintiff school. *Id.* at 5, 6, 12. The fact that that individual was brought in to assist well after the actions or inactions alleged in the complaint occurred at the school, did not mean that DCPS "assumed responsibility and jurisdiction over the student" in any way that would affect the determination of the allegations in the complaint. See plaintiff's Mem. at 8; Hawkins Mem. at 6, 16, 22-25.

As noted in the administrative proceedings and in defendant Hawkins' motion, several District Court decisions in this jurisdiction have held that DCPS is not a proper party to administrative proceedings brought against an LEA (Local Education Agency) charter school, such as the instant plaintiff.[2] See Hawkins Mem. at 11, 23 (which contains the citations).

---

[1] Defendant Michelle Hawkins has moved only for summary judgment.
[2] Such schools are not part of the DCPS LEA.

2

In terms of relief, defendant Hawkins asks in part, that "the court order the Plaintiff to reimburse Defendant DCPS the amount necessary to fund D.H. (the student) at the Katherine Thomas School for the 2006-2007 and 2007-2008 school years...." Hawkins Mem. at 43. The District joins in that request.[3]

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

           /s/ Ellen A. Efros_____
        ELLEN A. EFROS, Chief
        Equity Section I

           /s/ Cary D. Pollak_____
        CARY D. POLLAK [#055400]
        Senior Assistant Attorney General
        441 Fourth Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6604
        (202) 727-0431 (fax)
        cary.pollak@dc.gov

---

[3] Defendant Hawkins' proposed Order requires "tuition funding for the 2006-2007 school year and 2007-2008 school year" at the Katherine Thomas School. This defendant believes that this would effectively result in reimbursement, but for greater clarity requests that the words "including reimbursement to the District of Columbia for all such tuition it has paid during that period" be added to the quoted words above, if plaintiff's order is adopted. The District's own brief proposed order contains the requested additional language.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIL Public Charter School,                : | |
|     Plaintiff                                          : | |
|         v.                                              : | Civil Action No. 06-1821 (TFH) |
| MICHELLE HAWKINS, *et. al.,*            : | |
|     Defendants                                    : | |

ORDER

Upon consideration of the motion of the District of Columbia for judgment on the pleadings or in the alternative, for summary judgment, any opposition thereto, and the opposition of the District of Columbia to plaintiff's motion for summary judgment, it is by the Court, this        day of                            , 2007,

ORDERED: that defendant District of Columbia's motion for judgment on the pleadings or in the alternative, for summary judgment be, and the same hereby is, granted; and it is further

ORDERED: that plaintiff's motion for summary judgment be, and the same hereby is, denied; and it is further

ORDERED: that the complaint in this matter be, and the same hereby is, dismissed; and it is further

ORDERED: that plaintiff fund tuition for the 2006-2007 school year and 2007-2008 school year at the Katherine Thomas School, including reimbursement to the District of Columbia for all such tuition it has paid during that period.

_____
THOMAS F. HOGAN
UNITED STATES DISTRICT JUDGE