UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SCHOOL FOR ARTS IN LEARNING ("SAIL") PUBLIC CHARTER SCHOOL : : : : Plaintiff : : v. : : MICHELLE HAWKINS, et al. : : Defendants : | Civil Action No. 06-1821 (TFH) |

**PLAINTIFF'S REPLY TO DEFENDANT'S GOVERNMENT OF THE DISTRICT OF COLUMBIA OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

COMES NOW, the Plaintiff, by and through undersigned counsel, and respectfully moves this Court to deny Defendant's Motion for Judgment on the Pleadings or for Summary Judgment and grant Plaintiff's Motion for Summary Judgment. Pursuant to this Court's Order of July 25, 2007, Plaintiff files its Reply and Opposition to Defendant's Motion for Summary Judgment and its Opposition to Plaintiff's Motion for Summary Judgment. In support of this Reply and Opposition, the Plaintiff submits its Memorandum of Points and Authorities in Support of its Reply and Opposition and a proposed Order.

Dated: October 30, 2007

Respectfully submitted,
_____/s/_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SCHOOL FOR ARTS : <br> IN LEARNING ("SAIL") : <br> PUBLIC CHARTER SCHOOL : <br>   : <br> Plaintiff : <br>   : <br> v.   : <br>   : <br> MICHELLE HAWKINS, et al. : <br>   : <br> Defendants : | Civil Action No. 06-1821 (TFH) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S GOVERNMENT OF THE DISTRICT OF COLUMBIA OPPOSITION TO PLAINTIFF'S MOTION_FOR SUMMARY JUDGMENT AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

COMES NOW, the Plaintiff, by and through undersigned counsel, and replies to Defendant's Government of the District of Columbia Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment, as follows.

I.   **THIS COURT SHOULD GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REVERSE THE HEARING OFFICER'S DETERMINATION.**

The District of Columbia Public Schools assertion that Plaintiff's claims as to them are without merit must be juxtaposed against its own actions of accepting responsibility for the payment of the costs of transportation and tuition for the defendant student in this case.  The Government of the District of Columbia which is responsible for the actions of The District of Columbia Public Schools (hereinafter DCPS) also does not account for the fact that they failed to defend their decision to place the student at

Prospect Learning Center, a DCPS school. Instead they agreed to pay the costs associated with the student attending a private school in Maryland.

DCPS would have this honorable Court believe that they paid these expenses over having the student attend one of their own schools (at no additional costs to them) and yet they did so all the while not having jurisdiction over the student. Clearly they cannot have it both ways. As to their contention that Plaintiff unilaterally invited a DCPS representative to address the placement issue of this student, it belies the clearly mandated responsibilities DCPS has under its own regulations. (See 38:3019.11). Pursuant to these regulations, DCPS "will" assume responsibility for the student when it agrees that the charter school cannot meet the student's needs.

The clear evidence of the fact that DCPS felt that the Plaintiff Charter School could not meet the student's needs is the action they took in offering their own placement which the defendant student rejected. This is precisely the evidence Plaintiff attempted to present at the Due Process Hearing and was denied by the Hearing Officer but admitted to by the Defendant.

DCPS was a proper party, a necessary party, at the Due Process Hearing by its very own actions. The contention that past cases hold that DCPS should not be a party when an independent Charter School is involved relate only to situations involving students who can be educated at the Charter School not students who need a placement outside of the Charter School. On this point there is no dispute. Both defendants agree that the student needed a placement outside of the Plaintiff's Charter School. DCPS' position, prior to the Due Process Hearing, was that the placement should have been at Prospect Learning Center. Defendant student argued it should be

a private school in Maryland.

In either case it was not the Plaintiff's Charter School and therefore the Plaintiff should bear no responsibility for the financial costs of a placement outside its jurisdiction. Plaintiff's jurisdiction ends at the boundary of its school building; DCPS' jurisdiction lies with all placements aside from the Plaintiff's Charter School.

In terms of relief, the Plaintiff requests that this Court grant Plaintiff's Motion for Summary Judgment and reverse the September 19, 2006, Hearing Officer's Decision.

Respectfully submitted,

/s/

Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 30th day of October, 2007.

/s/
Paul S. Dalton, Esq.
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SCHOOL FOR ARTS IN LEARNING ("SAIL") PUBLIC CHARTER SCHOOL : : : : Plaintiff : : : : : MICHELLE HAWKINS, et al. : : Defendants : | Civil Action No. 06-1821 (TFH) |

**ORDER**

    The Court having considered the Motions and Cross Motions together with the Replies filed by all parties does hereby GRANT the Plaintiff's Motion for Summary Judgment and REVERSES the Hearing Officer's Determination of September 19, 2006.

SO ORDERED

                                                                      _____
                                                                      Thomas F. Hogan, Chief Judge
                                                                      United States District Court

DATED: